IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**BRENDA EDWARDS**                                                                                  **PLAINTIFF**

**VS.**                                               **3:05CV00293-WRW**

**SANYO MANUFACTURING**
**CORPORATION**                                                                                  **DEFENDANT**

<u>**ORDER**</u>

Pending is Plaintiff's Motion for Change of Venue from the Jonesboro Division to the Eastern Division (Doc. No. 29). Defendant objects to the change of venue and requests that the case remain in the Jonesboro Division (Doc. No. 31). Plaintiff bases this contested motion on 28 U.S.C. § 1404(a) arguing that this case should be transferred to the Eastern Division for the convenience of the parties and witnesses (Doc. No. 29).[1] In response to Plaintiff's motion, Defendant cites 28 U.S.C. § 1404(b) and performs a factor analysis leading to its conclusion that this case should remain in the Jonesboro Division (Doc. No. 32).[2]

The movant typically bears the burden of demonstrating that the court should transfer venue pursuant to 28 U.S.C. § 1404(a).[3] In deciding whether a venue transfer is appropriate, the court weighs private and public interest factors.[4] The movant must demonstrate that the factors justify

---

[1] 28 U.S.C. § 1404(a) states "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

[2] 28 U.S.C. § 1404(b) states "[u]pon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district."

[3] *Terra International, Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 695 (8th Cir. 1997).

[4] *See Terra International, Inc.*, 119 F.3d at 691, 696; *Travelers Insurance Co. v. Stuart*, 226 F. Supp. 557, 561 (W.D. Ark. 1964). The factors to be weighed include the private interest of the

transfer. Intradistrict transfers pursuant to 28 U.S.C. § 1404(b) are discretionary transfers subject to the same analysis as under 28 U.S.C. § 1404(a) but are judged by a less rigorous standard.[5]

In this case, Plaintiff has not met its burden because it has failed to provide the required evidence to support transfer pursuant to either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1404(b). Plaintiff has not engaged in analyzing the applicable factors. Specifically, Plaintiff fails to identify any particular witnesses whose convenience would be increased if this case were transferred to the Eastern Division. Plaintiff also fails to show that access to evidence would be more convenient if this case were transferred to the Eastern Division. Similarly, Plaintiff has not indicated whether transfer to the Eastern Division offers lower costs for obtaining witnesses. Finally, Plaintiff fails to demonstrate how trial would be more inexpensive and expeditious in the Eastern Division. Plaintiff has failed to provide the required evidence to support transfer. Accordingly, Plaintiff's Motion for Change of Venue is DENIED.

Also pending is Plaintiff's Motion to Continue (Doc. No. 30). The Motion is GRANTED. A new scheduling order will be sent forthwith.

IT IS SO ORDERED this 27th day of February, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

litigant; the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling witnesses; the costs of obtaining attendance of willing witnesses; the possibility of view of premises, if appropriate; the enforceability of any judgment obtained; and all other practical problems which make trial of a case easy, expeditious and inexpensive. *Travelers Insurance Co.*, 226 F.Supp. at 561.

[5] *See Johnson v. Burlington-Northern, Inc.*, 480 F.Supp. 259, 260 (W.D.Mo. 1979).